DECISION
{¶ 1} Relator, Bonnie Crane, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that granted R.C. 4123.522 relief to respondent-employer, Worthington Foods, Inc., and to enter an order denying R.C. 4123.522 relief.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator presents the following alternative objections: (1) the magistrate made a factual finding not raised by the parties or addressed by the commission; specifically, that the law firm of Vorys, Sater, Seymour Pease, L.L.P. ("Vorys"), was not the attorney of record for respondent-employer; or (2) respondent-employer and its representative, Frank Gates Service Company ("Frank Gates"), had actual knowledge of the import of the commission's order, as they had been receiving letters from the commission indicating that an award had been made. R.C.4123.522 is unambiguous and provides that notice of any hearing, decision, order, or award is deemed not to have been received until the notice is received by both the employer and its "representative of record." Ohio Adm. Code 4121-3-22 is equally unambiguous. Under that regulation, authorizations for representation must be in writing and may be filed with the claims section in Columbus or with the local district office. The record is clear in the present case that respondent-employer filed an AC-2 form designating Frank Gates as its representative, and the June 3, 2000 notice of relator's hearing was not mailed to Frank Gates. Thus, notice was insufficient for purposes of R.C. 4123.522.
 {¶ 4} As to relator's specific objections, neither have merit. With regard to relator's claim that the magistrate made a factual finding that was not raised by the parties, the magistrate's conclusion that Vorys was not the representative of record for respondent-employer was proper. We first note that the magistrate did not make a finding that Vorys was not the "attorney of record," as contended by relator; rather, the magistrate found that Vorys was never designated a "representative of record" for purposes of Ohio Adm. Code4121-3-22. Such finding was relevant to the present matter, for if Vorys had been a representative via the procedure outlined in Ohio Adm. Code 4121-3-22, then notice to that law firm may have been sufficient, and relator may have been successful in her pursuit of a writ. That Vorys may have been respondent-employer's "attorney" in some matters before the commission is irrelevant for purposes of determining proper notice under R.C. 4123.522, which requires notice to the "representative of record," who can be designated as such only by the manner outlined in Ohio Adm. Code 4121-3-22.
 {¶ 5} To the extent that relator may be claiming that Vorys was the hearing representative and Frank Gates was the actuarial representative, Ohio Adm. Code 4121-3-22(A) makes clear that, if an employer has one representative for actuarial purposes and one for hearings, there must be a specific designation which representative is to be given notice of hearings. In the present case, notwithstanding the lack of any writing demonstrating that Vorys was designated respondent-employer's "representative of record," there is also no evidence that there existed a specific designation of "hearing representative" and "actuarial representative" anywhere in the record. Indeed, the only writing designating a representative is the AC-2 form naming Frank Gates as representative. Therefore, this argument is without merit.
 {¶ 6} Relator's alternative argument is that Frank Gates had "actual knowledge of the import of the information contained in the notice," as indicated in R.C. 4123.522, sufficient to constitute an exception to the notice requirement. However, the section of R.C. 4123.522 that relator relies upon provides:
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
(Emphasis added.) Thus, the exception in R.C. 4123.522 to the receipt of notice applies only when the notice was mailed to the representative. Here, it is undisputed that Frank Gates was not mailed notice; thus, this exception in R.C. 4123.522 is inapplicable.
 {¶ 7} After an examination of the magistrate's decision, an independent review of the evidence, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections. We adopt the magistrate's decision with regard to the findings of fact and conclusions of law contained therein. Accordingly, we deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
Klatt, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Bonnie Crane, : :
Relator, : :
v. : No. 05AP-1263. :
Worthington Foods, Inc., : (REGULAR CALENDAR) Industrial Commission of Ohio, : and William E. Mabe, Administrator, : Bureau of Workers' Compensation, : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on July 11, 2006 Kennedy Colasurd Co., L.P.A., and Michael D. Colasurd,
for relator.
Porter Wright Morris Arthur LLP, Christopher C. Russell,
and Darin L. Van Vlerah, for respondent Worthington Foods, Inc.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} In this original action, relator, Bonnie Crane, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting R.C. 4123.522 relief to respondent, Worthington Foods, Inc., and to enter an order denying R.C. 4123.522 relief.
Findings of Fact:
 {¶ 9} 1. On September 15, 1986, relator sustained an industrial injury while employed with respondent, Worthington Foods, Inc. ("Worthington Foods"), a state-fund employer. The industrial claim is assigned claim No. 86-49205.
 {¶ 10} 2. On August 6, 1999, relator filed an application for permanent total disability ("PTD") compensation.
 {¶ 11} 3. The record before this court contains a completed form of the Ohio Bureau of Workers' Compensation ("bureau") designated as an AC-2. The AC-2 is also designated as "BWC-0502." The AC-2 of record was signed by the "personnel director" of Worthington Foods on October 3, 1984. It, in effect, appoints the Frank Gates Service Company ("Frank Gates") as Worthington Foods' representative effective November 1, 1984.
 {¶ 12} 4. According to the pre-printed language on the AC-2, Worthington Foods certifies that its named representative "has been retained to represent us before the Bureau of Workers' Compensation and the Industrial Commission of Ohio in any and all matters pertaining to our participation in the Workers' Compensation Fund."
 {¶ 13} 5. The AC-2 form further provides:
The authorization supersedes all permanent authorizations on file with the above named agencies.
I understand and agree that any company or individual having prior authority to represent this risk with the above agencies will be notified that its authority has been terminated. Furthermore, any letters, requests, and actions initiated by the superseded authority will be processed completely.
I understand that this authorization, now being granted, is of a continuous nature from the effective date indicated herein. However, I possess the right to terminate this authorization at any time through written notification to the Actuarial Section or Self-Insured Section as appropriate.
 {¶ 14} 6. On June 3, 2000, the commission mailed a notice of hearing indicating that relator's PTD application would be heard on June 21, 2000, before a staff hearing officer ("SHO"). The June 3, 2000 commission notice of hearing indicates that it was mailed to relator and to her attorney. It also indicates that it was mailed to Worthington Foods and to "Vorys Sater Seymour Pease" ("Vorys Sater") which this magistrate recognizes as a law firm. There is no indication on the notice of hearing that it was mailed to Frank Gates.
 {¶ 15} 7. Following the June 21, 2000 hearing, the SHO mailed an order on July 27, 2000, granting the PTD application. The SHO's order indicates that no one appeared for Worthington Foods at the hearing. The SHO's order further indicates that it was mailed to relator and her attorney and that it was mailed to Worthington Foods and to Vorys Sater. The SHO's order does not indicate that it was mailed to Frank Gates.
 {¶ 16} 8. On August 15, 2005, Worthington Foods, through counsel, moved for R.C. 4123.522 relief regarding the PTD award. Worthington Foods claimed that it was entitled to R.C. 4123.522
relief because Frank Gates did not receive notice of the hearing on relator's PTD application.
 {¶ 17} 9. In support of its motion, Worthington Foods submitted a memorandum dated August 10, 2005, from a Frank Gates Account Executive, Scott E. Reese. The Reese memorandum states:
I * * * serve as the Account Executive for Worthington Foods Co., policy No. 677572-0. The Frank Gates Service Company has represented Worthington Foods Co., policy No. 677572-0, since November 1, 1984.
In June 2005, while reviewing a Bureau invoice to Worthington Foods Co. dated January 21, 2005, I learned that Ms. Crane had been awarded Disabled Workers' Relief Fund (DWRF) benefits as of September 1, 2004 and became aware that Ms. Crane had been granted Permanent and Total Disability benefits at a hearing on June 20, 2000. Despite our representation, Frank Gates did not receive the notice of hearing or findings from the hearing on June 20, 2000. It was not until the initial invoice back to the employer in January 2005 for DWRF benefits awarded effective September 1, 2004 that Frank Gates had any knowledge of the hearing from June 20, 2000.
 {¶ 18} 10. In further support of its motion, Worthington Foods submitted a copy of the aforementioned AC-2 on which Worthington Foods designated Frank Gates as its representative effective November 1, 1984.
 {¶ 19} 11. Following a September 22, 2005 hearing, an SHO issued an order granting R.C. 4123.522 relief to Worthington Foods. The SHO's order explains:
Employer's representative failed to receive notice of hearing for the hearing of the Staff Hearing Officer dated 06/21/2000. Pursuant to Section 4123.52, Ohio Revised Code, to provide due process of law to a party entitled to a notice of hearing, the findings mailed 07/27/2000 is vacated and the matter considered at the hearing is ordered reset on the next available PT docket.
LACHES is not applicable to the employer's request for relief. This order is based on the lack of notice and receipt of order by the Frank Gates Service Co., the authorized representative per the Bureau of Workers' Compensation form #0502 received 10/04/1984.
 {¶ 20} 12. On October 19, 2005, the three-member commission mailed an order denying relator's request for reconsideration of the SHO's order of September 22, 2005.
 {¶ 21} 13. On November 28, 2005, relator, Bonnie Crane, filed this mandamus action.
Conclusions of Law:
 {¶ 22} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
R.C. 4123.522 states:
The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice * * *. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. * * *
 {¶ 23} The commission's notice of hearing mailed June 3, 2000, indicates that the notice was mailed to Worthington Foods and to Vorys Sater. There is no indication that notice of hearing was mailed to Frank Gates.
 {¶ 24} Asserting that Vorys Sater was Worthington Foods' "attorney representative" and that Frank Gates was Worthington Foods' "actuarial representative" at the time the PTD application was set for hearing, relator argues that mailing notice to Vorys Sater satisfied the R.C. 4123.522 requirement that notice be mailed to the employer's representative of record, and, thus, the commission had no basis for vacating the PTD award. The magistrate disagrees.
Ohio Adm. Code 4121-3-22, captioned "Inspection of claim files" states:
(A) Authorizations for representation shall be in writing and signed by the authorizing party. * * * When the authorization is on behalf of the employer, a blanket authorization may be filed with the claims section in Columbus or with the local district office.
Whenever an employer has two representatives, one for actuarial purposes and another for hearings, there must be a specific designation which representative is to be given notice of hearing.
* * *
(C) An authorization may be cancelled by the filing of a notice of that effect with the bureau or by filing of a new authorization to another representative. In either event, the party should notify the former representative of its action.
 {¶ 25} Ohio Adm. Code 4121-3-22(A) sets forth the filing and content requirements applicable to informing the bureau or commission that representation has been retained. State ex rel.Miesse v. Holophane Corp., 102 Ohio St.3d 70, 2004-Ohio-1808, at ¶ 18. However, there is no requirement that authorization be in any particular form. Id.
 {¶ 26} The stipulated record before this court does suggest or indicate that the Vorys Sater law firm had represented Worthington Foods at commission proceedings in matters that pre-date the hearing on the PTD application. Presumably, that is why Vorys Sater was put on the mailing list for notices and orders in the claim.
 {¶ 27} However, there is no evidence of record showing that Worthington Foods ever filed an AC-2 designating Vorys Sater as its R.C. 4123.522 representative of record. The evidence of record shows that Worthington Foods' AC-2 designating Frank Gates as its representative effective November 1, 1984, had not been cancelled or revoked at the time the commission mailed notice of the hearing on relator's PTD application. Under such circumstances, the R.C. 4123.522 requirement that notice be mailed to the employer's representative of record could not be satisfied in the absence of mailing notice of hearing to Frank Gates. Therefore, the commission did not abuse its discretion by granting Worthington Foods the relief it sought through its August 15, 2005 motion.
 {¶ 28} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.