DECISION IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
 {¶ 1} Relator, Americare Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Bureau of Workers' *Page 2 
Compensation ("bureau"), to pay the claim of Brenda L. Early ("claimant") out of the surplus fund and find that relator has no liability for compensation previously paid and potentially payable to claimant.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator raises four objections. In its first, second, and third objections, relator generally argues that the magistrate ignored the plain language of R.C. 4123.522 requiring notice to both the employer and its representative, Compensation Consultants, Inc. ("CCI"). Relator maintains that, although the magistrate found that notice was sent to relator's proper address in New Mexico on October 2, 2001, the magistrate failed to acknowledge that the notice was not mailed to CCI. Relator further maintains that the "savings" clause in the second paragraph of R.C. 4123.522 is only applicable when the notice was mailed to both the entity and its representative. R.C. 4123.522 provides:
 The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 * * * and section 4123.512 * * * of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative. *Page 3 
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 4} We first note that there exists some debate as to whether R.C.4123.522 is applicable to the present proceedings. Relator's arguments herein rely upon the notice provisions in R.C. 4123.522, and the magistrate addressed the notice provisions in R.C. 4123.522. However, the bureau contends that R.C. 4123.522 is not at issue here, because the notice provisions in that statute are specifically subject to administrative action within the exclusive domain of the Industrial Commission of Ohio ("commission"), not the bureau, and the commission is not a party to the present action. This court's review of the statutory language employed reveals that the relief outlined in the second paragraph in R.C. 4123.522 is clearly within the purview of the commission's jurisdiction, and relator had this remedy available in an action against the commission. See, e.g., State ex rel. Crane v.Worthington Foods, Inc., Franklin App. No. 05AP-1263, 2006-Ohio-5743. However, the specific relief outlined in the second paragraph in R.C.4123.522 seems not to apply to the argument posed by relator in the current case, as that provision explicitly applies only to "any person to whom a notice is mailed[,]" and CCI was never mailed any notices. Further, the relief outlined in that provision appears to apply only to any "person" who claims to have not received notice.
 {¶ 5} Regardless, it is clear that relator and CCI were both entitled to the notice outlined in R.C. 4123.522, and the statute places no specific limitations on the venue in *Page 4 
which relator may raise the issue of lack of notice to CCI. However, despite relator's claims in its first three objections that the magistrate failed to acknowledge that notice was never mailed to CCI, the magistrate did address notice as it related to CCI. The magistrate found that relator had failed to properly complete the form required to inform the bureau that CCI was its representative. Specifically, the magistrate determined that relator neglected to include the address of CCI, as required by the form. Further, in the authorization form, relator identified the pertinent facility for which CCI was the representative as "Autumnwood of Sylvania." Nowhere in the form is the facility at 4111 Holland-Sylvania Road listed as "Sunbridge of Sylvania," which is the name under which the facility operated and the name of the employer indicated by the claimant when she filed her original claim. Therefore, even if the commission and/or bureau could have verified CCI's address via some other source, as relator argues, it still would not have been apparent that the facility for which the claimant worked was the same facility in the authorization form. These failings are directly attributable to relator; thus, any lack of notice to CCI was relator's fault. For these reasons, we find these objections to be without merit.
 {¶ 6} Relator argues in its fourth objection that its due process rights were violated because it did not receive notice of claimant's claim. Relator complains that, despite the magistrate's finding that relator eventually received notice of the October 2001 hearing, this notice was for the appeal of the August 2001 order that had already allowed several conditions and awarded wage-loss compensation, and relator was unable to contest this initial award in the first instance due to the lack of notice. Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and, thus, assure "a reasonable opportunity to *Page 5 
be heard after a reasonable notice of such hearing." State ex rel.Allstate Ins. Co. v. Bowen (1936), 130 Ohio St. 347, paragraph five of the syllabus. Here, after taking all of the circumstances into consideration, we find relator was given a reasonable opportunity to be heard. As found above, the notice issues were largely the result of relator's own errors. In addition, relator was given notice of the October 2001 hearing and could have contested the allowance of the claims and award at that time. Further, relator had a remedy via R.C.4123.522, to correct any notice deficiencies, and, pursuant to relator's own admission, the commission denied this remedy. Thus, we cannot say that relator was not given a reasonable opportunity to be heard under the circumstances of this case. Therefore, this objection is without merit.
 {¶ 7} After an examination of the magistrate's decision, an independent review of the evidence, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections. Accordingly, we adopt the magistrate's decision as our own with regard to the findings of fact and conclusions of law, and deny relator's request for a writ of mandamus. *Page 6 Objections overruled; writ of mandamus denied.
SADLER, P.J., and PETREE, J., concur.
 APPENDIX A IN MANDAMUS {¶ 8} Relator, Americare Corporation, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Bureau of Workers' Compensation ("BWC"), to pay the claim of Brenda L. Early ("claimant") out of the surplus fund and find *Page 7 
that relator has no liability for compensation previously paid and potentially payable to
claimant.
Findings of Fact: {¶ 9} 1. Americare is a licensed, skilled nursing facility which operated many facilities in Ohio. Each facility had a different name. Americare operated an Ohio facility located at 4111 North Holland-Sylvania Road, Sylvania, Ohio. Americare was self-insured for purposes of Workers' Compensation in Ohio with a risk number of 20003628.
 {¶ 10} 2. On June 9, 2000, claimant sustained an injury while working at Americare's Sylvania, Ohio facility. Claimant did not file a first report of injury until May 17, 2001. Claimant identified the employer as "Sunbridge of Sylvania."
 {¶ 11} 3. On August 24, 2000, relator submitted a permanent authorization to the BWC, Self-Insured Section, certifying that effective August 24, 2000, Compensation Consultants, Inc. 150-80 had been retained to represent Sun Healthcare Group, Inc. dba Americare Corp. dba Regency Health Services before the BWC and the Industrial Commission ("commission") in any and all matters pertaining to relator's participation in the Workers' Compensation fund. The facility located at 4111 North Holland-Sylvania Road was identified as Autumnwood of Sylvania. The form requests both the name of the representative and the address of the representative. Relator failed to provide the BWC with the address of Compensation Consultants, Inc. At oral argument, counsel indicated that all representatives, including Compensation Consultants, Inc., have identification codes from which the BWC had the address.
 {¶ 12} 4. Also, on August 24, 2000, relator filed its application for renewal of authorization to operate as a self-insured risk with the BWC. The renewal date was to be effective January 1, 2001. On that form, relator identified its name and address as *Page 8 
follows: Care Enterprises, Inc. dba Americare Corporation, c/o Sun Healthcare Group, Inc., 101 Sun Avenue NE, Albuquerque, Bernalilio, NM 87109.
 {¶ 13} 5. On November 29, 2000, Sun Healthcare Group sent a letter to David Boyd with the BWC self-insured department informing Mr. Boyd as follows:
 Effective November 1, 2000, Sun Healthcare Group no longer operates Autumnwood of Sylvania. This facility was included under our self-insured policy number 20003628 for Americare Corp. The facility is now operated by the Franciscan Group.[1]
 {¶ 14} 6. On May 17, 2001, claimant filed her first report of injury identifying relator's facility Sunbridge of Sylvania as the employer. Relator concedes that claimant was an employee at the Sylvania, Ohio facility at the time she allegedly sustained her injury. The BWC sent a letter to the Franciscan Care Center, Sylvania, Ohio, which was located at 4111 North Holland-Sylvania Road and which was formerly operated by relator, seeking certification of claimant's claim. On May 24, 2001, the letter was returned to the BWC. The Franciscan Care Center rejected the claim because they did not have ownership of the facility until November 1, 2000 and claimant was not one of their employees.
 {¶ 15} 7. On June 6, 2001, the BWC sent a second letter to the 4111 North Holland-Sylvania Road address identifying the name of the facility as Sunbridge of Sylvania, which was the former name of the facility. The form was returned to the BWC on June 12, 2001, and claimant's claim was again rejected because Franciscan Care Center had taken over management of the facility November 1, 2000. *Page 9 
 {¶ 16} 8. Thereafter, the BWC proceeded to process claimant's claim even though it appeared that there was no employer coverage.
 {¶ 17} 9. By order mailed June 11, 2001, the BWC initially denied claimant's claim.
 {¶ 18} 10. Claimant appealed from the order of the BWC denying her claim.
 {¶ 19} 11. Notice of the hearing before the commission scheduled August 1, 2001, was sent to the 4111 North Holland-Sylvania Road address.
 {¶ 20} 12. By letter dated July 19, 2001, Laura Batanian sent a letter to the commission notifying them as follows:
 This letter is to inform you that Sunbridge of Sylvania was sold to the Sr. of St. Frances on November 1, 2000. The Sr. of St. Frances are not responsible or any previous Workers Compensation claims or Unemployment Claims. If you need to contact Sun Bridge please forward to:
Sun Health Care 101 Sun Ave. Albuq., NM 87109
 {¶ 21} 13. Claimant's appeal was heard before a District Hearing Officer ("DHO") on August 1, 2001, and resulted in an order granting her claim for the following conditions: aggravation of a pre-existing lumbar spondylolisthesis; aggravation of pre-existing lumbar spinal stenosis; and aggravation of pre-existing lumbar degenerative disc disease. The DHO also awarded temporary total disability ("TTD") compensation from June 10, 2000 to present and continuing. A copy of the DHO order was mailed to the 4111 North Holland-Sylvania Road address.
 {¶ 22} 14. Thereafter, the BWC set claimant's full weekly wage ("FWW") at $680 and her average weekly wage ("AWW") at $369.36.
 {¶ 23} 15. Claimant appealed. *Page 10 
 {¶ 24} 16. Notice of the hearing scheduled before the DHO regarding the determination of claimant's FWW and AWW was mailed to both the 4111 North Holland-Sylvania address as well as to relator at the following address:
Sunbridge of Sylvania Ohio. Sun Health Care, 101 Sun Ave., Albuquerque, NM 87109
 {¶ 25} 17. The hearing was held before the DHO on October 19, 2001, and resulted in an order modifying the prior BWC order. Claimant's AWW was set at $680.
 {¶ 26} 18. A copy of this order was mailed to relator at both the 4111 North Holland-Sylvania Road address as well as the 101 Sun Avenue, Albuquerque, NM address.
 {¶ 27} 19. On January 29, 2002, claimant filed a motion requesting her claim be additionally allowed for certain conditions.
 {¶ 28} 20. BWC referred claimant to Duane B. Gainsburg, M.D., for an independent medical examination. The BWC sent a copy of this notice to claimant and relator at the 4111 North Holland-Sylvania Road address. Notice was not sent to relator at its New Mexico address.
 {¶ 29} 21. On July 30, 2002, the BWC referred the matter to the commission for consideration of claimant's request that her claim be additionally allowed for certain conditions.
 {¶ 30} 22. The commission sent notice that the matter was to be heard before a DHO to relator at 2051 Collingwood Boulevard. (This facility was also operated by relator in Toledo, Ohio.) *Page 11 
 {¶ 31} 23. On August 26, 2003, BWC sent notice regarding another independent medical examination to be performed on claimant to relator at 101 Sun Avenue, NE, Toledo, Ohio.
 {¶ 32} 24. On October 14, 2003, Charles W. Wiggins, Vice President with Compensation Consultants, Inc., sent a letter to Todd M. Zimmerman, as special counsel to the attorney general. In that letter, Mr. Wiggins indicated that Compensation Consultants, Inc., is authorized to assist Sun Healthcare Group in administering their Ohio Workers' Compensation self-insured program. Mr. Wiggins further advised that the Sun Healthcare Group divested the Sylvania Sunbridge facility on October 31, 2000, and provided the BWC with its risk number. Further, Mr. Wiggins disputed the validity of the debt currently owed in the claim regarding the claimant in the amount of $71,867.85.
 {¶ 33} 25. On November 13, 2003, relator filed a motion indicating that the claim had been allowed and paid by the BWC without notice or knowledge of the self-insured employer since the claim was processed as a non-coverage claim. Relator indicated that it was recently advised by the BWC that they owed money paid by the BWC in regards to the claim. Relator requested that the commission invoke its continuing jurisdiction, set the claim for hearing on the issue of the claim allowance and any subsequent allowances with notice to relator at the proper address.
 {¶ 34} 26. The matter was heard before a DHO on December 4, 2003. The DHO indicated in its order that the BWC was to change the risk number of claimant's claim and forward all future correspondence to the self-insured employer at 101 Sun Avenue in Albuquerque, NM 87109. The DHO denied relator's request to vacate its order allowing claimant's claim as follows: *Page 12 
 The Injured Worker worked at the facility know as Sunbridge of Sylvania located at 4111 N. Holland Sylvania Road in Toledo 43623-2503.
 The initial order of the Administrator was sent to that address, the notice of hearing advising the employer of the allowance hearing on 8/1/01 was sent to that address.
 The District Hearing Officer order allowing the claim was held with the decision being mailed to the Toledo address and the address of the self-insured employer at the address in Albuquerque, New Mexico. Clearly, the employer had ample opportunity and notice to step up and advise the Administrator of the proper risk number and take part in managing the claim.
 The employer failed to do so until 2 ½ years after the injury.
 {¶ 35} 27. Relator appealed and the matter was heard before a Staff Hearing Officer ("SHO") on January 14, 2004. The SHO vacated the prior DHO order and yet again denied relator's request to deny the claim and/or continue to treat the matter as a state-fund claim. The SHO order provides, in relevant parts as follows:
 The Employer's motion, filed 11/13/2003, states that
 "This claim was allowed and paid by the Bureau of Workers' Compensation with no notice or knowledge of the Self-Insured Employer."
 That statement is incorrect. This claim was actually DENIED by the Bureau of Workers' Compensation, pursuant to its order of 6/11/2001. Said order was then appealed by the Injured Worker and an Industrial Commission hearing was scheduled for 8/1/2001. Notice of the 8/1/2001 hearing was sent to the employer, Sunbridge of Sylvania, at two (2) different addresses: Sunbridge of Sylvania, 4111 N. Holland-Sylvania, Toledo, Oh 43623-2503 and 101 Sun Avenue, Albuquerque, N.M. 87109.
 The Employer's motion, filed 11/13/2003, then states the action or relief sought and *Page 13 
 "requests the Industrial Commission invoke continuing jurisdiction and set this claim for hearing on the issue of allowance of the initial claim and any subsequent allowances with notice to the Sun Healthcare Group and all other parties."
 However, the Employer failed to submit substantial competent proof to support its requested action.
 Therefore, it is the order of this Staff Hearing Officer that the Employer's motion, filed 11/13/2003, is hereby DISMISSED, pursuant to Ohio Administrative Code Sections 4123-3-16(H) and 4121-3-16(H), due to the Employer's failure to comply with the provisions of Ohio Administrative Code Sections 4121-3-16(D) and 4123-3-16(D) as said motion was not accompanied by substantial competent proof.
 {¶ 36} 28. Thereafter, relator filed a complaint with the BWC's self-insured review panel because the claim was originally assigned a risk number other than relator's policy number.
 {¶ 37} 29. The matter was heard on October 27, 2004 wherein the self-insured
review panel made the following relevant findings:
 * * * On October 19, 2001, a hearing was held before a DHO on the issue of wages, and the order resulting from the hearing was sent to Sunbridge at 4111 N. Holland Sylvania Road in Toledo, and also to 101 Sun Avenue in Albuquerque, New Mexico.
 On November 13, 2003, * * * the employer filed a motion requesting the Industrial Commission to exercise its continuing jurisdiction and set Ms. Early's claim for hearing on the issue of allowance of the initial claim, as the claim should have been assigned to Sun Healthcare, self-insured risk number 20003628. No evidence was submitted by the employer in support of the request. The request was denied by a DHO following a hearing on December 4, 2003, and the employer appealed. Following a hearing on January 14, *Page 14 
2004 before a Staff Hearing Officer (SHO), an order was issued dismissing the employer's request for failure to provide any proof in support of the request. The Self-Insured Department subsequently determined that Ms. Early was an employee of Americare on the date of injury, and that BWC should be reimbursed by the self-insuring employer for all costs paid by the state insurance fund in this claim. The employer has appealed this determination.
* * *
 The Panel first notes that it understands the employer's consternation with the unfortunate sequence of events giving rise to this conference. It is clear that BWC made payments in a claim that was properly the responsibility of the self-insured employer. It is equally clear, however, that the employer had several opportunities to either prevent or minimize the confusion surrounding the manner in which this claim was handled. Ohio Administrative Code Rule 4123-19-03(M) provides as follows:
* * *
 If there is any change involving additions, mergers, or deletions of entities or ownership changes of a self-insuring employer, which would materially affect the administration of the employer's self-insuring employer program or the number of employees included in such program, the employer shall notify the bureau self-insuring employer's section within thirty days after the change occurs. Based upon the information provided or additional information requested by the bureau, the bureau will determine the effect of the change on the employer's self-insuring status, the adequacy of the employer's contribution to the self-insuring employers' guaranty fund, and the need for additional security.
 This rule requires a self-insuring employer to provide specific notice to BWC's Self-Insured Department of any change that materially affects the administration of its self-insured workers' compensation program. Here, the employer has acknowledged the sale on November 1, 2000 of a facility in Sylvania at which it operated a self-insured program, as well as the subsequent relocation to another *Page 15 
facility in Toledo. The claim at issue was filed on May 17, 2001, after the sale date, alleging a back injury that occurred on June 9, 2000, prior to the sale date. Prompt notice of the sale and relocation might have resulted in the proper classification of this claim as a self-insured claim. Further, it appears that several Industrial Commission orders concerning this claim were sent to the employer's addresses in New Mexico and on Collingwood Boulevard in Toledo. Moreover, when the employer was contacted by Special Counsel for the Attorney General's Office in October of 2003, there was no effort to immediately contact the Self-Insured Department to clarify the status of this claim. Instead, the employer filed a motion with the Industrial Commission in November of 2003 seeking to undo the 2001 allowance of the claim, despite its acknowledgement in the motion that the claim should have been handled as self-insured claim.
 After a review of the information presented at the conference, the Panel notes the following. While it is regrettable that this claim was treated as a state fund claim rather than as a self-insured claim, the employer's remedy concerning lack of notice of any hearings on this claim rests within the exclusive jurisdiction of the Industrial Commission, pursuant to the provisions of Ohio Revised Code Section 4123.522. If the employer is afforded such relief, the employer may pursue the remedies available to it at that time. The Panel finds that the self-insuring employer is required to reimburse BWC in full for all costs paid by the state insurance fund in this claim, and must assume all future costs of the claim. The employer is required to contact the Office of the Attorney General, to whom this matter has been certified, to make arrangements to reimburse BWC within thirty days for all costs paid by the state insurance fund in Ms. Early's claim. The employer's appeal is denied.
 {¶ 38} 30. Thereafter, relator filed the instant mandamus action in this court. Conclusions ofLaw:
 {¶ 39} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. *Page 16 Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v.Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 40} In this mandamus action, relator contends that the BWC failed to comply with R.C. 4123.522 requiring that notice of any hearing be provided when it failed to provide relator or its representative with notice of claimant's claim. Relator contends that it had repeatedly notified the BWC of its proper mailing address and its chosen representative. For the reasons that follow, this magistrate finds that relator is not entitled to a writ of mandamus.
 {¶ 41} Relator cites to the following portion of R.C. 4123.522:
 The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 and section 4123.512 of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative. *Page 17 
 {¶ 42} No one disputes that relator was entitled to notice. Furthermore, upon review of the record, it is apparent that the initial notices relative to claimant's first report of injury were not sent to the proper address for relator. As indicated in the findings of fact, in spite of relator's "attempts" to actually comply with notification to the BWC of the change in ownership-authorization, relator designated the facility in different ways (i.e. Autumnwood of Sylvania on the form notifying the BWC that Compensation Consultants, Inc., was now the designated representative). However, contrary to relator's arguments, it was not error for the BWC to process claimant's claim even if the BWC could not find the employer and the employer's address.
 {¶ 43} R.C. 4123.522 provides a remedy for a party in the event that party fails to receive notification. R.C. 4123.522 provides, in relevant part, as follows:
 If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 44} In the present case, the records indicate that on October 2, 2001, notice was sent to relator at the proper address in Albuquerque, NM concerning the hearing to be held to determine claimant's FWW and AWW. Furthermore, the record indicates that following the October 19, 2001 hearing before the DHO, a copy of that order was mailed to relator at the proper address in Albuquerque, NM. As R.C. 4123.522 points out, "delivery of the notice to the address of the person or his representative is prima-facie *Page 18 
evidence of receipt of the notice by the person." Relator was required to take action within 21 days of the receipt of the notice (see R.C.4123.522).
 {¶ 45} As such, even though relator did not receive any notices prior to October, 2001, the record is clear that the notice of the hearing as well as the DHO order were sent to relator at the proper address. In fact, as the DHO determined in the order from the hearing December 4, 2003, in spite of the fact that notice was finally sent to relator at the proper address, relator failed to take any action whatsoever.
 {¶ 46} Because delivery of notice to the address of the person or its representative constitutes prima-facie evidence of receipt of notice by that person, the relator was required to put forth evidence demonstrating that it did not receive notice and that its failure to receive notice was due to a cause beyond the control and without the fault or neglect of relator, and that relator or its representative did not have actual knowledge of the import of the information contained in the notice. Relator failed to present any evidence to substantiate its claim and failed to meet its burden of proof. Furthermore, even though relator did file a notice with the BWC in August, 2000, notifying the BWC that Compensation Consultants, Inc., was its representative, relator failed to fill out those forms correctly. Specifically, relator neglected to include the address of Compensation Consultants, Inc., on the form and identified its facility located at 4111 North Holland-Sylvania as Autumnwood of Sylvania. As such, this did not provide the BWC with proper notice of relator's address and authorization.
 {¶ 47} Relator goes on to argue, in this mandamus action, that its due process rights were violated and cites a federal case where there was a significant delay before the employer was even notified about the claim. Those are not the facts of this case. Although the relator did not originally receive notice of the claim, notice was properly *Page 19 
mailed to the relator in October, 2001, and relator failed to take any action for over two years. As the Self-Insured Review Board noted, this is a most unfortunate situation; however, relator had opportunities to mitigate its losses which relator failed to pursue. Because relator's notice to the BWC of its new address and its new representative was lacking, the BWC was not properly notified of the change of address and the address of the representative for this facility. As such, the BWC did not err in processing claimant's claim as it did. As stated previously, the injury to relator is occasioned by relator's failure to timely pursue that matter, pursuant to R.C. 4123.522, at its earliest opportunity in October, 2001.
 {¶ 48} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated the BWC abused its discretion in this matter and relator's request for writ of mandamus should be denied.
Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] Relator contends that this letter notified the BWC to mail all notices relative to its Sylvania, Ohio facility to its address in New Mexico. However, the address from Sun Healthcare Group only appears in the upper right-hand corner as part of the letterhead. Further, the facility is identified as Autumnwood of Sylvania and no address for the facility is provided. *Page 1